PEOPLE *v.* BATTEN.

INTOXICATING LIQUORS—SEARCHES AND SEIZURES—SUFFICIENCY OF AFFIDAVIT.

A warrant to search defendant's premises for intoxicating liquor was not invalid because based on facts obtained by a deputy sheriff when calling on defendant in his home to interrogate him concerning a burglary which had been committed.[1]

Exceptions before judgment from Montcalm; Hawley (Royal A.), J. Submitted January 14, 1926. (Docket No. 132.) Decided March 20, 1926.

Orville Batten was convicted of violating the liquor law. Affirmed.

*Charles H. Goggin,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *John B. Lewis,* Prosecuting Attorney, for the people.

SHARPE, J. The defendant reviews his conviction

---

[1] Intoxicating Liquors, 33 C. J. § 369.

on a charge of violating what is known as the prohibition law on exceptions before sentence. After arraignment, and before trial, the defendant filed a motion to suppress certain evidence (intoxicating liquors) which had theretofore been secured by a deputy sheriff under a search warrant. The only exception discussed by counsel is the denial of this motion.

The affidavit of the deputy sheriff as to the facts supporting his belief that defendant was violating the law was thus stated:

"That on the tenth day of October, 1924, the said Alphonsus E. Ward had occasion to go into the said dwelling house for the purpose of interviewing and talking with the said Orville Batten, concerning the burglary of a certain store in the village of McBride, in said county and State, on the night of October 9th, and that while in said dwelling house, he, the said affiant, saw therein a crock containing about ten gallons of moonshine whisky mash, which crock was on the floor behind the stove, and on a table in said house was a machine used for capping bottles, and also a few sacks containing a quantity of caps that are used upon bottles. That in the said crock was a rubber siphon tube. That he, the said affiant, asked the said Orville Batten who was making the moonshine mash and the said Orville Batten replied that he was making it. That the said Orville Batten had a Ford automobile in the yard, near the house, and that the said affiant found and saw in said automobile several empty beer bottles, and that the said Orville Batten stated to the said affiant that he, the said Orville Batten, intended to put the moonshine liquor they were making into said bottles, and that he, the said affiant, went into said dwelling house about the hour of nine o'clock and thirty minutes in the forenoon of October 10th, A. D. 1924, and that said crock containing about ten gallons of moonshine whisky mash was on the floor behind the stove, and the machine for capping bottles and sacks containing a quantity of caps were on the table in said house, and the rubber

siphon tube was in said crock of moonshine whisky mash.     That he is familiar with the smell of moonshine whisky mash, and that the contents of said crock was moonshine whisky mash."

There can be no doubt that the officer in the investigation of the burglary which had been committed had the right to call upon the defendant at his home and interrogate him relative thereto.     When in the house, he saw evidence that defendant was violating the law. Clearly, he had the right to lay these facts before the justice in the form of an affidavit, and that official was justified in issuing a search warrant thereon.

The exceptions are overruled.     The trial court will proceed to sentence.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.